UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE OROZCO,

    Plaintiff,

v.

    Case No. 08-13810

    Hon. John Corbett O'Meara

CITY OF MONROE,

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion to dismiss or for summary judgment, filed February 25, 2009. Plaintiff filed a response brief on March 18, 2009. Defendant submitted a reply on March 24, 2009. The court heard oral argument on April 30, 2009, and took the matter under advisement. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**BACKGROUND FACTS**

Plaintiff, Jose Orozco, alleges that the City of Monroe effectuated a "taking" of his property by rezoning it. Plaintiff owns real property in the City of Monroe located at 1126 East First Street. At the time he purchased the property on December 30, 2005, it was zoned C-1, local commercial. Plaintiff claims that in December 2006, the City changed the zoning of the property to residential without providing him notice of the proposed change.

In November 2007, Plaintiff leased the property to Dorel Puiu, who intended to use it as a used car lot. During the due diligence period provided in the lease, Puiu discovered that the property had been rezoned from commercial to residential. This was the first notice that Plaintiff

had that the zoning classification had been changed.  As a result of the rezoning, the property could not be used for Puiu's intended purposed and he withdrew from the contract.

Plaintiff filed this action in state court on August 11, 2008; it was subsequently removed to this court.  Plaintiff's complaint asserts the following causes of action: Count I, writ of mandamus requiring Defendant to rezone the property; Count II, inverse condemnation; Count III, procedural due process; Count IV, substantive due process; and Count V, Fifth Amendment takings claim.

## LAW AND ANALYSIS

Defendant has filed a motion to dismiss Plaintiff's claims based upon ripeness. "Ripeness is more than a mere procedural question; it is determinative of jurisdiction.  If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." Bigelow v. Michigan Dept. of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992) (citation omitted).

A claim that a government regulation constitutes a taking of property is not ripe for adjudication "until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue."  Williamson Cty. Regional Planning Com'n v. Hamilton Bank, 473 U.S. 172, 186 (1985) (citation omitted). A zoning decision is not "final" until a plaintiff has applied for, and has been denied, a variance. Id. at 187-88.  In addition, a plaintiff must use state procedures for obtaining compensation. Until a property owner has used the procedure and has been denied "just compensation," a takings claim is not ripe. Id.

Plaintiff concedes that his inverse condemnation, takings, and substantive due process

claims are not ripe, because he has not challenged the zoning classification at the City level. Accordingly, the court will dismiss these claims without prejudice.

### A.     Procedural Due Process

Plaintiff contends, on the other hand, that his procedural due process and mandamus claims are ripe for adjudication. It is clear that a procedural due process claim, standing alone, "is instantly cognizable in federal court without requiring a final decision on proposed development from the responsible municipal agency." Nasierowski Bros. Investment Co. v. City of Sterling Heights, 949 F.2d 890, 894 (6th Cir. 1991). In Nasierowski, the court reasoned that Williamson finality should not be required for procedural process claims, as opposed to takings claims:

> Conceptually, in the case of a procedural due process claim, "the allegedly infirm process is an injury in itself," whereas, in the context of a takings claim, the alleged injury – a diminution in property value – cannot be assessed with any degree of certainty until the municipality arrives at a final decision as to how the property owner will be permitted to develop his property.

Id. at 894. The municipality in Nasierowski rezoned the plaintiff's property without giving him notice of the new classification. In permitting the plaintiff's procedural due process claim to proceed, the Sixth Circuit explained:

> Nasierowski was placed in a position where he would be required to expend considerable time, effort, and money to restore the status quo ante. Accordingly, because the Council's passage of the new zoning ordinance . . . was an act that *in and of itself* inflicted immediate injury on Nasierowski, the procedural due process claim was ripe for federal adjudication without requiring Nasierowski to first seek relief from the City's board fo zoning appeals.

Id. at 895 (emphasis in original).

The plaintiff in Nasierowski did not, however, also assert a takings claim. "Procedural due process claims arising from an alleged taking may be subject to the same ripeness requirements as the taking claim itself depending on the circumstances of the case." Bigelow, 970 F.2d at 159 (quoting Harris v. Riverside County, 904 F.2d 497, 500 (9th Cir. 1990)). In Bigelow, the primary issue was "whether the state properly denied full compensation to the plaintiffs for their fishing licenses." Id. at 160. The court determined that the "plaintiffs' procedural due process claim is ancillary to this main issue; they simply assert that they were not given an effective opportunity to defend their fishing rights before they were taken. There was thus no 'instantaneous infliction of a concrete injury.'" Id. The court held that the procedural due process claim, along with the takings claim, was not ripe for review. See also Braun v. Ann Arbor Charter Twp., 519 F.3d 564, 572-73 (6th Cir. 2008) (takings and procedural due process claims not ripe for review).

The issue in this case is whether Plaintiff's procedural due process claim is ancillary to his takings claim and should likewise be subject to the Williamson finality requirement. "Where a procedural due process claim occurs alongside a takings claim, we have focused on the circumstances of the specific case – and particularly the issue of when the alleged injuries occurred – before deciding to apply Williamson County to both claims." Braun, 519 F.3d at 572. See also Seguin v. City of Sterling Heights, 968 F.2d 584 (6th Cir. 1992) (finding takings claim unripe but procedural due process claim ripe).

Plaintiff's procedural due process claim is based upon the allegations that the City rezoned the property without providing him with the required personal notice. This claim is factually and legally distinct from the takings claim – that the rezoning deprived him of any

economically viable use of the property. As in Nasierowski, the rezoning without notice, in and of itself, inflicted injury upon Plaintiff. Accordingly, the court finds that the procedural due process claim is not ancillary to the takings claim and is, therefore, ripe for adjudication.

### B.     Mandamus

Plaintiff also seeks a writ of mandamus requiring the City to rezone the property. "[M]andamus is a drastic remedy, suitable only in 'extraordinary situations.' One of the conditions for its issuance is that petitioners have 'no other adequate means to attain the relief [they] desire. . . ." Towns of Wellesley, Concord, & Norwood, Massachusetts v. Federal Energy Regulatory Com'n, 829 F.2d 275, 277 (1st Cir. 1987) (quoting Kerr v. United States District Court, 426 U.S. 394, 402 (1976)). See also Lake Angelo Assoc. v. Township of White Lake, 198 Mich. App. 65, 73-74 (1993) ("There is a general rule that persons seeking authority from a governmental unit must exhaust their remedies within such governmental unit before seeking relief in court.").

Defendant contends that Plaintiff's mandamus claim must be dismissed because Plaintiff has not exhausted the administrative procedure through which he could seek rezoning of his property. Plaintiff has not presented authority to the contrary. Accordingly, the court will dismiss Plaintiff's mandamus claim.

**ORDER**

    IT IS HEREBY ORDERED that Defendant's February 25, 2009 motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

                                         s/John Corbett O'Meara  
                                         United States District Judge

Date:  May 1, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2009, by electronic and/or ordinary mail.

                                         s/William Barkholz  
                                         Case Manager