UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE OROZCO and
MICHAEL SOAVE,

    Plaintiffs,

v.

CITY OF MONROE,

    Defendant.
_____/

Case No. 08-13810

Hon. John Corbett O'Meara

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court are cross-motions for summary judgment. The court heard oral argument on December 3, 2009. For the reasons set forth below, Defendant's motion is granted and Plaintiffs' motion is denied.

**BACKGROUND FACTS**

Plaintiffs Jose Orozco and Michael Soave allege that the City of Monroe effectuated a "taking" of their property by rezoning it. Plaintiffs own real property in the City of Monroe located at 1126 East First Street. At the time they purchased the property on December 30, 2005, it was zoned C-1, local commercial.

In 2006, the city created a new zoning map in accordance with the city's 2003 Comprehensive Plan. In an attempt to revitalize the Winchester Neighborhood, where Plaintiffs' property was located, thirty-nine properties were rezoned from commercial to residential. Throughout the city, over 800 properties were rezoned.

On September 19, 2006, the final draft of the proposed zoning map was published in the local newspaper, the <u>Monroe Evening News</u>. The notice announced a public hearing to be held on October 4, 2006. At that meeting, a recommendation was made to the Monroe City Council to adopt the new zoning map. At a December 18, 2006 city council meeting, the city adopted the new zoning ordinance and zoning map.

Plaintiff were unaware of the change in zoning classification for their property. In November 2007, Plaintiffs leased the property to Dorel Puiu, who intended to use it as a used car lot. During the due diligence period provided in the lease, Puiu discovered that the property had been rezoned from commercial to residential. This was Plaintiffs' first notice that the zoning classification had been changed. As a result of the rezoning, the property could not be used for Puiu's intended purposed and he withdrew from the contract.

Plaintiff Orozco filed this action in state court on August 11, 2008; it was subsequently removed to this court. The complaint asserts the following causes of action: Count I, writ of mandamus requiring Defendant to rezone the property; Count II, inverse condemnation; Count III, procedural due process; Count IV, substantive due process; and Count V, Fifth Amendment takings claim. On May 1, 2009, the court dismissed the mandamus, inverse condemnation, substantive due process, and takings claims because they were unripe. With leave of court, Plaintiff filed an amended complaint on June 11, 2009, to add Soave as a plaintiff. The amended complaint contains all the causes of action set forth in the original complaint.

## **LAW AND ANALYSIS**

Both sides seek summary judgment on Plaintiffs' remaining claim, procedural due process.

**I.      Previously Dismissed Claims**

Additionally, Defendant seeks summary judgment on the mandamus, inverse condemnation, substantive due process, and takings claims that the court previously dismissed without prejudice. The court dismissed the claims as unripe because Plaintiffs had not exhausted their administrative remedies by challenging the zoning classification on the municipal level. Plaintiffs have still not exhausted their administrative remedies. Accordingly, the court will dismiss these claims without prejudice.

**II.     Procedural Due Process**

To establish a procedural due process violation pursuant to 42 U.S.C. § 1983, Plaintiffs must establish (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) they were deprived of this interest; and (3) the defendant did not afford them adequate procedural rights prior to depriving them of their protected interest. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999), cert. denied, 529 U.S. 1020 (2000). State law controls whether Plaintiffs have a protected property interest in their zoning classification. See Seguin v. City of Sterling Heights, 968 F.2d 584, 590 (6th Cir. 1992).

Plaintiffs cannot show that they have a constitutionally protected property interest in the commercial zoning classification of their property. See Seguin, 968 F.2d at 590-91. "Under Michigan law, a landowner does not possess a vested property interest in a particular zoning classification unless the landowner holds a valid building permit and has completed substantial construction." Id. (citing City of Lansing v. Dawley, 247 Mich. 394, 396-97 (1929); Schubiner v. West Bloomfield Twp., 133 Mich. App. 490, 497 (1984)). See also Heath Twp. v. Sall, 442 Mich. 434, 442 (1993); Bevan v. Brandon Twp., 438 Mich. 385 (1991) ("The test in each case is not

whether a little or a lot has been spent in reliance upon the past zoning classification, but, rather, whether there has been any tangible change in the land itself by excavation and construction.").

Plaintiffs contend that they have a protected property interest in the commercial zoning classification because they had a land survey, feasibility survey, and utility analysis done. They also obtained preliminary site plans and conducted soil tests. This type of preliminary planning work is clearly insufficient to create a property interest under Michigan law. See Heath Twp., 442 Mich. at 442 (no vested interest where the property owner had obtained a topographical survey, cleared trees and removed topsoil, installed test wells, excavated roads, drilled a commercial water well, and built a wellhouse). See also Seguin, 968 F.2d at 591 ("Because plaintiffs in the case at bar have neither applied for a building permit, nor have they begun substantial construction on the property, they do not have a vested right in the previous zoning classification.").[1]

Even if Plaintiffs could establish a protected property interest, Plaintiffs cannot demonstrate that the notice by publication of the zoning change was constitutionally inadequate. Plaintiffs contend that they were entitled to personal notice pursuant to M.C.L. 125.3103 and that the City

---

[1] Plaintiffs rely on Nasierowski Bros. Investment Co. v. City of Sterling Hts., 949 F.2d 890, 897 (6th Cir. 1991) for the proposition that their efforts are of a "substantial character" towards construction. In Nasierowski, the plaintiff expressly conditioned his purchase of the property on obtaining a favorable zoning opinion from the city. The plaintiff also "expended considerable money and effort in drafting a site plan, submitting it to the City for preliminary approval, petitioning the City for a variance from the specific site plan requirements, and negotiating with the City's planners and engineers in an effort to resolve minor disputes over relatively insignificant matters." Id. The court found that the plaintiff's "property interest was securely vested by Nasierowski's engagement in substantial acts taken in reliance, to his detriment, on representations from and affirmative actions by the City." Id. The facts here, particularly with respect to Plaintiff's contact with the City of Monroe, do not rise to the level of those in Nasierowski. Furthermore, it is not clear that the Michigan Supreme Court would agree that the efforts undertaken in Nasierowski would be sufficient to vest a property interest under Michigan law. See Seguin, 968 F.2d at 591; Heath Twp., 442 Mich. at 442-46.

violated the statute by failing to provide it.  Whether the City violated state notice requirements is not dispositive, however, to the question of whether *constitutionally* inadequate notice was provided. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).  The question of "what process is due" is not answered by state law or local ordinances, but by constitutional benchmarks. Id. at 541-42.  A failure to comply with state law does not "automatically translate into a deprivation of procedural due process under the United States Constitution.  To satisfy due process under the Constitution, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' and 'must afford a reasonable time for those interested to make their appearance.'" DePiero v. City of Macedonia, 180 F.3d 770, 788 (6th Cir. 1999) (citation omitted).  See also Brody v. City of Mason, 250 F.3d 432, 437 (in zoning case, the district court "correctly framed the issue as whether plaintiffs were afforded the process due to protect their property rights, as opposed to whether the City necessarily conformed to each of the state and city procedural requirements.").

The adoption of a city-wide zoning ordinance which affects a large number of property owners does not trigger a due process right to be heard.  See Nasierowski, 949 F.2d at 896 ("Governmental determinations of a general nature that affect all equally do not give rise to a due process right to be heard.  But, when a relatively small number of persons are affected on individual grounds, the right to a hearing is triggered."); accord Myers v. Village of Alger, Ohio, 391 F. Supp. 2d 615, 621-22 (N.D. Ohio 2005).  Further, even if notice were constitutionally required here, notice by publication of city-wide zoning changes is sufficient.  See Karpenko v. City of Southfield, 75 Mich. App. 188, 195 (1977) ("In balancing plaintiffs' rights to notice against economy and practicality in determining the form of notice, we hold that notice by publication is sufficient.");

Bauss v. Plymouth Twp., 233 Fed. Appx. 490, 499, 2007 WL 1451977 (6th Cir. May 17, 2007) ("Courts have examined claims that zoning measures that provide for publication in a local newspaper are invalid and that due process requires actual notice. Examining these arguments, courts have held this contention fails and state zoning statutes need not provide for actual notice.").

## **ORDER**

For all of the above reasons, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiffs' motion is DENIED. The court will enter judgment in favor of Defendant.

       s/John Corbett O'Meara
       United States District Judge

Date:  December 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 9, 2009, using the ECF system and/or ordinary mail.

       s/William Barkholz
       Case Manager